**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**VERNON T. ROBINSON,**<br><br>**Defendant** | NO. 5: 06-MJ-12-03 (CWH)<br><br>RE: VIOLATION OF SUPERVISED RELEASE<br>No. CR497-00200-003 — S. D. Georgia |

## ORDER OF DETENTION PENDING FINAL REVOCATION HEARING

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case in the district of arrest before the undersigned at the request of Supervised Releasee (hereinafter referred to as "defendant") VERNON T. ROBINSON. The defendant was represented by Mr. Larry Fouché of the Macon Bar; the United States was represented by Assistant U. S. Attorney George Christian. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Presentence Investigation Report from the Southern District of Georgia dated August 28, 1998, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending his FINAL REVOCATION HEARING in the Southern District.

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated August 28, 1998, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant ROBINSON and the safety of the community were he to be released from custody at this time. The defendant faces incarceration for violating conditions of supervised release. The weight of evidence is strong: he pled guilty and was convicted of the state offense of SIMPLE BATTERY (Family Violence Act) in the State Court of Bibb County, Georgia on December 1, 2006.

**Defendant ROBINSON has a conviction record dating back to 1988 when, as a juvenile in the State of New York, he committed the offense of POSSESSION OF A CONTROLLED SUBSTANCE. In 1994 and in 1997, he was once again convicted of that same offense, as well as CRIMINAL SALE OF A CONTROLLED SUBSTANCE in the 1997 case in New York. His federal sentence of supervised release was imposed on September 23, 1998, as part of his sentence on CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE HEROIN. In addition, he has a history of failing to appear in court in his 1997 New York case.**

**For the foregoing reasons, pretrial detention is mandated and is SO ORDERED AND DIRECTED.**

## PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 22nd day of DECEMBER, 2006.**

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**